# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.

TITUS ONASSIS CARTER,
          *Defendant-Appellant.*

No. 02-4532

Appeal from the United States District Court
for the District of South Carolina, at Spartanburg.
Henry M. Herlong, Jr., District Judge.
(CR-97-740)

Submitted: November 21, 2002

Decided: December 12, 2002

Before WILKINS, LUTTIG, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Benjamin T. Stepp, Assistant Federal Public Defender, Greenville, South Carolina, for Appellant. David Calhoun Stephens, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Titus Onassis Carter appeals his six-month sentence imposed for violations of his supervised release. Carter's counsel has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), representing that, in his view, there are no meritorious issues for appeal. Carter, notified of his right to file a pro se supplemental brief, has not done so. Discerning no error in the record below, we affirm.

In 1998, Carter pled guilty to bank embezzlement, in violation of 18 U.S.C. § 656 (2000), and was sentenced to two months imprisonment followed by five years of supervised release. In 2002, Carter's probation officer petitioned the district court, asserting four violations of supervised release. Carter conceded the violations. The district court imposed a sentence of six months imprisonment, within the Guidelines range. *U.S. Sentencing Guidelines Manual* § 7B1.4(a) (2000).

This court reviews a sentence imposed after revocation of supervised release for abuse of discretion. *United States v. Davis*, 53 F.3d 638, 642-43 (4th Cir. 1995). Here, Carter conceded the violations and the sentence was within the proposed range. Sentencing was in accordance with the relevant statutory provision, 18 U.S.C. § 3583(e)(3) (2000).

Pursuant to *Anders*, this court has reviewed the record for reversible error and found none. We therefore affirm the sentence imposed by the district court following revocation of Carter's supervised release. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*